NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

DAVID J. MORROW,           )
                                   )
      Plaintiff,         )      Civil Action No. 6: 06-97-DCR
                                   )
V.                     )
                                   )      **MEMORANDUM OPINION**
JAMES HOSKINS, et al.,     )         **AND ORDER**
                                   )
      Defendants.     )

** ** ** ** **

Plaintiff, David J. Morrow, who is currently confined in the Kentucky State Reformatory ("KSR") in LaGrange, Kentucky, has filed a *pro se* civil rights complaint. Prior to conducting a screening of the submission, the Court construed the Plaintiff's submission as one falling under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] On full review of the complaint, it appears that the Plaintiff also may be asserting claims under the United States Department of Agriculture Reorganization Act of 1994, 7 U.S.C. §6912. This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

---

[1]      To state a claim that is cognizable as a *Bivens* action, the Plaintiff must plead two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, the Plaintiff must demonstrate that the Defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

## CLAIMS

The Plaintiff alleges that Defendant James Hoskins, an employee of the United States Forest Service, a federal agency, violated his right to due process of law under the Fifth Amendment of the United States Constitution.[2] More specifically, he claims that Hoskins wrongfully issued a Violation Notice (Violation No. F275671) to him on September 24, 2004, in connection with alleged timber trespass activity in McCreary County. The alleged illegal timbering activity dated back five years, to September of 1999.[3]

## NAMED DEFENDANTS

The Plaintiff has named two Defendants: James Hoskins, Officer of the United States Forest Service in the District of Stearns Ranger Station, Whitley City, Kentucky; and the United States Forest Service, which is a division of the Department of Agriculture. *See* Code of Federal

---

[2]    The Plaintiff asserts claims under the Fifth and the Fourteenth Amendments. The Fourteenth Amendment applies to persons acting under color of *state* law. Since the Plaintiff alleges that the Defendants acted under color of *federal* law, the Fifth Amendment -- not the Fourteenth Amendment -- would apply to his claims relating the alleged denial of due process.

[3]    According to the Plaintiff, in 2001 the United States began an investigation into the dispute over boundary lines concerning the alleged illegal timbering activity. He states that, on September 17, 2004, a "Report of Investigation" was completed. [Complaint, Exh. "B," p. 2]

Regulations, Title 36, Chapter II, Part 200.  Plaintiff sues Hoskins in both his individual and his official capacities.

<u>ALLEGATIONS OF THE COMPLAINT</u>

According to the complaint, the issuance of the Violation Notice resulted in misdemeanor charges being brought against the Plaintiff in this Court on September 24, 2004, being London Magistrate No. 05-6002M, *United States of America v. David J. Morrow* ("the misdemeanor action").  The misdemeanor action was brought under 18 U.S.C. §1852, which governs the illegal movement or transportation of timber from government lands.

The Plaintiff attached to his *Bivens* complaint a copy of the Motion to Dismiss which his counsel filed in the misdemeanor action.  [Exhibit "B,"Complaint]  In that motion, the Plaintiff argued that the United States had waited one day too long to issue the Violation Notice and commence the Misdemeanor Action.  The Plaintiff argued that although §1852 does not contain a separate statute of limitations for prosecutions, the applicable statute of limitations as set forth in 18 U.S.C. §3282 provides for a five-year statute of limitations.

The Plaintiff argued that the latest date that any trespass could have occurred was September 23, 1999.  Accordingly, the Plaintiff concluded that, because the five-year statute of limitations began to run on September 23, 2004, and because Defendant Hoskins did not issue the Violation Notice until September 24, 2004 (one day after the expiration of the five-year limitation period), the misdemeanor action was time-barred[4]

---

4       In his motion to dismiss filed in the misdemeanor action, the Plaintiff cited various cases for the proposition that computation of the limitation period begins the day following the occurrence of the offense.

-3-

The Plaintiff attached to his *Bivens* complaint a copy of an Order dismissing the misdemeanor action, which United States Magistrate Judge J. B. Johnson appears to have entered on February 28, 2005. That Order states that the misdemeanor action was being dismissed as time-barred by the five-year statute of limitations set forth in 18 U.S.C. §3282.

The Plaintiff dated his complaint February 27, 2006 [Record No. 1, Complaint, unnumbered pages 3 and 5]. The envelope in which the Plaintiff mailed his complaint is postmarked "MAR 01 2006." The docket sheet reflects that this *Bivens* action was filed two days later: March 3, 2006.

<u>RELIEF REQUESTED</u>

Plaintiff seeks unspecified injunctive relief requiring the United States Forest Service to mark the disputed boundary lines "in a way that is easily seen by any untrained eye so this does not happen in the future." [Complaint Form, §V] He also seeks compensatory damages and damages for mental and emotional distress. [*Id.*]

<u>DISCUSSION</u>

1. *Bivens* <u>Not Applicable</u>

For the preliminary purpose of entering the Deficiency Orderon March 6, 2006 [Record No. 3], the Court construed this action as one falling under *Bivens*. However, having now thoroughly reviewed the specific allegations in order to screen the complaint as required by *McGore v. Wrigglesworth*, the Court is of the opinion that the Plaintiff's claims seeking monetary and injunctive relief from the Forest Service (a division of the Department of Agriculture, a federal agency) and Forest Service employee James Hoskins fall under the United States Department of Agriculture Reorganization Act of 1994, section 212(e), *see* 7 U.S.C.

Chapter 98, Sub-chapter I, (7 U.S.C. §6911 *et seq*.).  Accordingly,  that statutory scheme and its

internal exhaustion requirements would govern the Plaintiff's claims, not *Bivens*.

When the Supreme Court first determined that a damage action could be brought against

federal employees who violated constitutional rights, it recognized that there might be cases

where another remedy would suffice.  Thus, in answer to an assertion that there was no need for

a money damage remedy in that case, the Court said:

> [W]e cannot accept respondents' formulation of the question as to whether the
> availability of money damages is necessary to enforce the Fourth Amendment.
> For we have here no explicit congressional declaration that persons injured by a
> federal officer's violation of the Fourth Amendment may not recover money
> damages from the agents, but must instead be remitted to another remedy, equally
> effective in the view of Congress.

*Bivens*, 403 U.S. at 397, 91 S.Ct. at 2005.

Since then, the Court has returned to that theme and has declared that a *Bivens* action

will not lie when Congress has created "comprehensive procedural and substantive provisions

giving meaningful remedies against the United States. . . ."  *Bush v. Lucas*, 462 U.S. 367, 368,

103 S.Ct. 2404, 2406 (1983) (refusing to permit federal employee a damages cause of action out

of an employment relationship on grounds that civil service damages are available); *see also*

*Schweiker v. Chilicky*, 487 U.S. 412, 414, 108 S.Ct. 2460, 2463 (1988) (persons who were

wrongfully denied Social Security disability benefits as a result of alleged unconstitutional

conduct of federal officials were precluded from bringing a *Bivens* action because Congress had

devised an "elaborate remedial scheme").  Moreover, the fact that the courts could create a more

complete remedy for the asserted wrong does not mean that they should, for "Congress is in a

better position to decide whether or not the public interest would be served by creating it." *Bush*, 462 U.S. at 390, 103 S.Ct. at 2417; *see also Chilicky*, 487 U.S. at 424-25.

> The Ninth Circuit has followed the Supreme Court's lead, summaring the law as follows:

> The Supreme Court has made clear the propriety of according great deference to Congress in devising remedial schemes. . . . When Congress has created a statutory remedy for potential harms, the courts must refrain from implying non-statutory causes of actions such as Bivens. In obeying the Court's directive to show deference to Congress, we [have] held . . . that if there is some statutory mechanism for remedying harm . . . non-statutory claims are barred.

*Berry v. Hollander*, 925 F.2d 311, 316 (9th Cir.1991); *see also Janicki Logging Co. v. Mateer*, 42 F.3d 561, 564 (9th Cir.1994); *Saul v. United States*, 928 F.2d 829, 840 (9th Cir.1991).

> The Supreme Court and the Sixth Circuit, along with other circuits, have refused to create *Bivens* actions in a wide variety of cases. *See e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 114 S.Ct. 996 (1994) (*Bivens* actions not extended to federal government agencies); *United States v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054 (1987) (no *Bivens* remedy available for injuries that arise out of or are in the course of activity incident to military service); *Watkins v. Veterans Admin. Medical Center*, 968 F.2d 1217, No. 91-5987, 1992 WL 146636 (6th Cir. June 24, 1992) (federal employee's termination is properly challenged with Merit Systems Protection Board and not properly brought as a *Bivens* action); *Lee v. Hughes*, 145 F.3d 1272 (11th Cir.1998) (federal employee's racial discrimination claim was governed by the Civil Service Reform Act ("CSRA"), and employee was precluded from bringing *Bivens* claim); *Jones v. Tennessee Valley Authority*, 948 F.2d 258 (6th Cir. 1991) (*Bivens* remedies were not available to Tennessee Valley Authority (TVA) employee for retaliation for identifying safety problems at nuclear power plants, where employee, as a preference eligible nondisabled veteran, had administrative

remedies available under CSRA and Energy Reorganization Act (ERA) of 1974); *Mitchell v. U.S. Department of Commerce*, 68 Fed.Appx. 701, *702 to 68 Fed.Appx. 701 (6th Cir. (Ohio) July 29, 2003) (not selected for publication in the Federal Reporter) (Same); *see also Blade v. U.S. Bankruptcy Court*, 109 F.Supp.2d 872, 876 (S. D. Ohio 2000).

Based upon these cases, the Plaintiff's claims would not fall under *Bivens*. Instead, they would be controlled by statutes which apply to the Department of Agriculture, 7 U.S.C. §6911 *et seq*. Thus, the Court will examine the Plaintiff's claims under the requirements set forth in 7 U.S.C. §6911 *et seq*.

## 2.  Exhaustion requirement

Plaintiff Morrow faces an initial obstacle to the portions of his complaint in which he seeks injunctive relief compelling the Forest Service to mark boundaries in McCreary County which would clearly designate where authorized timbering activities can transpire and damages against James Hoskins in his individual capacity because he has failed to administratively exhaust those claims.[5] The Administrative Procedure Act ("APA") requires a plaintiff to exhaust his available administrative remedies before bringing his grievances to federal court. *See* 5 U.S.C. §704 (setting forth the APA's exhaustion requirement). The rationale underlying the exhaustion requirement is to avoid premature claims and to ensure that the agency possessed of the most expertise in an area be given first shot at resolving a claimant's difficulties. *See Idaho*

---

[5]       To appeal a Forest Service decision, a person must submit a written appeal within the 45 day appeal filing period specified in the public notice. 36 C. F.R. §215.13(a). Interested parties are allowed to submit written comments to the Appeal Reviewing Officer within 15 days after the close of the appeal filing period. 36 C.F.R. §215.13(e). *See Chattooga River Watershed Coalition v. United States Forest Service*, 93 F. Supp.2d 1246, 1250 (N. D. Ga. 2000).

*Sporting Congress, Inc. v. Rittenhouse*, 305 F.3d 957, 965 (9th Cir. 2002); *Saulsbury Orchards & Almond Processing, Inc. v. Yeutter*, 917 F.2d 1190, 1195 (9th Cir.1990).

In this case, the United States Department of Agriculture Reorganization Act of 1994, Section 212(e), provides as follows:

> Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against:
>
> (1) the Secretary;
> (2) the Department; or
> (3) an agency, office, officer, or employee of the Department.

7 U.S.C. §6912(e).

The statutory provision mandating exhaustion contained in 7 U.S.C. §6912(e) is explicit. As one court has observed, "[i]t is hard to imagine more direct and explicit language requiring that a plaintiff suing the Department of Agriculture, its agencies, or employees, must first turn to any administrative avenues before beginning a lawsuit." *Gleichman v. United States Dep't of Agric.*, 896 F.Supp. 42, 44 (D. Me.1995).

Clearly, the intent of Congress in enacting this statute was to require plaintiffs to exhaust all administrative remedies before bringing suit in federal court. *See Bastek v. Federal Crop Ins. Corp.*, 145 F.3d 90, 94-95 (2nd Cir.) *cert. denied*, 525 U.S. 1016, 119 S.Ct. 539 (1998); *Beharry v. Ashcroft*, 329 F.3d 51, 58 (2nd Cir.2003) (finding §6912(e) exhaustion was jurisdictional in nature); *Gold Dollar Warehouse, Inc. v. Glickman*, 211 F.3d 93, 94-95 (4th Cir.2000) (plaintiffs were required to complete their administrative appeal pursuant to 7 U.S.C. §6912(e) before bringing two of their claims in federal court and, therefore, the district court lacked subject matter jurisdiction over those claims); *Chattooga Conservancy v. Jacobs*, 373 F. Supp.2d 1353,

1369 (N. D. Ga. June 16, 2005); *Ace Property and Cas. Ins. Co. v. Federal Crop Ins. Corp. and Risk Management Agency*, 357 F.Supp.2d 1140, *1146 (S.D. Iowa 2005); *Headwaters v. Forsgren*, 219 F. Supp.2d 1121, 1126 (D. Or. 2002) (environmental group failed to exhaust administrative remedies as to issues relating to impact of timber sale on certain species when it did not address the issues in its administrative appeal of the Forest Service's decision notice implementing timber sale on national forest land).

Here, the Plaintiff was required to exhaust his administrative remedies prior to asserting a claim in this Court against both the Forest Service, a division of the Agriculture Department, and its employee, James Hoskins.  A plaintiff has exhausted the administrative appeals if the appeal, taken as a whole, provides sufficient notice to the Forest Service to afford it the opportunity to rectify the violations that the plaintiff alleged.  *See Washington Trout v. McCain Foods*, 45 F.3d 1351, 1354 (9th Cir.1995) (describing exhaustion standard under Clean Water Act); *Southwest Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 521-22 (9th Cir.1998) (describing exhaustion standard under Endangered Species Act). However, Plaintiff Morrow has filed nothing with the Court which indicates that he administratively exhausted his claims for monetary damages against Hoskins in his individual capacity or his claims seeking injunctive relief from the Forest Service. As a result, the Court will dismiss those claims without prejudice. The Plaintiff's "Motion for Appointment of Counsel" [Record No. 2] will be denied as moot.

<u>CONCLUSION</u>

Accordingly, it is hereby **ORDERED** as follows:

(1)      The Plaintiff's "Motion for Appointment of Counsel" [Record No. 2] is **DENIED**

-9-

as moot.

      (2)     This action is **DISMISSED**, *sua sponte*, without prejudice.

This 16th day of May, 2006.



Signed By:

*Danny C. Reeves*

United States District Judge